CLD-083                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3002
_____

IN RE:  WILLIAM A. HIMCHAK, III,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 1-17-cv-01870)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 24, 2019

Before: CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed February 14, 2019)
_____

OPINION[*]
_____

PER CURIAM

        William A. Himchak, III, filed this pro se petition for a writ of mandamus,

alleging that the United States District Court for the Middle District of Pennsylvania has

unduly delayed in adjudicating a petition for habeas corpus that he filed pursuant to 28

U.S.C. § 2241.  For the reasons that follow, we will deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On October 13, 2017, Himchak filed a § 2241 petition challenging his pretrial detention on two charges each of intercepting communications and disclosing those communications.[1] On November 30, 2017, the District Court dismissed the petition, without prejudice, for failure to pay the filing fee or to file an application to proceed in forma pauperis. Himchak appealed to this Court, and we dismissed that appeal for lack of jurisdiction. See Himchak v. Pennsylvania, No. 18-1264 (order entered Apr. 17, 2018). In August 2018, Himchak filed a motion to reinstate his § 2241 petition and to proceed in forma pauperis in the District Court. In October 2018, the District Court denied that motion because Himchak still had not paid the filing fee, and had not filed a "properly completed" application to proceed in forma pauperis.

Himchak then filed a mandamus petition here.[2] Himchak seeks to have this Court reinstate his § 2241 petition, to compel certain depositions, and to order a different judge assigned to his case in the District Court. In a motion subsequently filed in this proceeding, Himchak also seeks an order enjoining the defendants named in his habeas petition from interfering with his legal mail.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is properly invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S.

---

[1] In November 2017, he was found guilty after a jury trial in the Court of Common Pleas of Franklin County. He was subsequently sentenced to up to six years in prison.
[2] This Court granted Himchak permission to proceed in forma pauperis after he filed a complete application, including his inmate account statement.

394, 402 (1976).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, Himchak has other adequate means to obtain the relief desired, and has not shown a clear and indisputable right to the writ.  Himchak may seek to have his habeas petition reinstated by the District Court by filing a completed application to proceed in forma pauperis, including his inmate account statements, as he has successfully done here in this Court.[3]  He may also seek his requested discovery orders in the District Court.

Himchak has failed to raise any meritorious grounds for recusal of the District Court Judge or the Magistrate Judge.  See generally 28 U.S.C. § 455 (recusal appropriate where reasonable person would question judge's impartiality); Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse legal rulings are almost always insufficient to warrant recusal).  To the extent that Himchak's mandamus petition merely seeks review of this Court's orders in his previous appeal, mandamus is not a substitute for appeal, see generally Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004), which lies with the Supreme Court.

Accordingly, we will deny the mandamus petition.  Himchak's outstanding motions, including his motion for appointment of counsel and his motion "to cease and

---

[3] Now that Himchak has been convicted, he may wish to proceed under 28 U.S.C. § 2254, at the proper time, see 28 U.S.C. § 2244(d)(1), and after proper exhaustion, see 28 U.S.C. § 2254(b)(1).  We, of course, do not make any comment on the viability of any motion or petition for relief that Himchak may choose to file in the District Court.

desist" interference with his legal mail, are denied.  See generally Tabron v. Grace, 6

F.3d 147, 155 (3d Cir. 1993).